IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| EMPLOYERS SOLUTIONS GROUP, LLC, ) ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) ) | |

**PLAINTIFF EEOC'S COMPLAINT**

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disabilities and to provide appropriate relief to Shannon Enstad, a qualified individual who was adversely affected by such practices. As alleged with greater particularity below, Enstad had an impairment that substantially limited her major life activities. Because of this impairment and the resulting disability, Enstad had to use crutches. Defendant terminated Enstad's employment because of her actual and perceived disability, and in retaliation for her notification to ESG that she would need to use crutches at work. ESG violated the Americans With Disabilities Act through its actions.

**JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a)

1

of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer Solutions Group LLC ("ESG" or "Defendant) has continuously had at least 15 employees and has continuously done business in the State of Minnesota and the City of Eden Prairie.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Shannon Enstad filed a charge with the Commission alleging violations of Title I of the ADA by ESG. Enstad alleged in her charge that she believed that she had been discriminated against by ESG violated based on her disability/perceived disability and retaliation in violation of Title I and Title V of the ADA.

8. On June 5, 2019, the Commission issued a Letter of Determination to ESG, finding reasonable cause to believe that Defendant violated the ADA and inviting ESG to join with the Commission in informal methods of conciliation in an endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On July 12, 2019, the Commission issued a Notice of Failure of Conciliation to ESG, advising ESG that the Commission was unable to secure a conciliation agreement acceptable to the Commission from Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least April 2018, Defendant ESG has engaged in unlawful employment practices in its Eden Prairie, MN, facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), 12112(b)(5), and 12203.

13. Shannon Enstad is a qualified individual with a disability under Sections 3(2)(A) and (C) and 101(8) of the ADA, 42 U.S.C. § 12102(2)(A), 42 U.S.C. §

12102(2)(B) and 42 U.S.C. § 12111(8).

14. In February 2018, Enstad tore her anterior cruciate ligament ("ACL"), which is an impairment under the ADA

15. A torn ACL is not a transitory impairment. When an ACL tears, the ends of the torn ligament will not grow back together. Without mitigating measures such as surgery, a torn ACL is a permanent impairment.

16. Enstad had surgery on March 5, 2019. As part of the surgery, her patellar tendon was grafted to take the place of the torn ACL. Even if the mitigating measure of her surgery is considered, Enstad's repaired ACL was an impairment that took longer than six months to fully heal and continues to be an impairment under the ADA.

17. Enstad's impairment was not minor. It caused her a great deal of pain. She was out of work from February through April 2018, and required regular physical therapy sessions. She needed a brace and crutches. Even when she was released to work, she needed crutches to ambulate through mid-May. She continued to experience pain in her knee and be limited in her mobility after she stopped using the brace and crutches.

18. Enstad's impairment substantially limited Enstad in the major life activities of walking, standing, lifting, and caring for herself.

19. Enstad's impairment continues to this day, causing her knee to swell under certain conditions and limiting her ability to kneel.

20. At the time of her injuries that resulted in the torn ACL, Enstad was employed by ESG.

21. Enstad was on leave from ESG because of the injury from February through April 2018, except for one day, February 19, 2018, when Enstad worked.

22. Enstad was released to work at ESG on April 30, 2018, with no work restrictions.

23. At the time she was released to work, Enstad was still on crutches. She needed to use the crutches for a few more weeks after the date that she was scheduled to return.

24. Upon inquiry by ESG, Enstad told human resources personnel that she would be using crutches when she returned.

25. Enstad was qualified to perform the essential functions of her job with or without reasonable accommodation.

26. ESG fired Enstad because of her disability.

27. ESG asserted that Enstad could not return on April 30, 2018, because she was not 100 percent healed.

28. ESG asserted, without any objective evidence, that Enstad would be a safety risk if she returned on crutches.

**COUNT 1:  DISCRIMINATION BASED ON ACTUAL DISABILITY**

29. The EEOC incorporates Paragraphs 1-28 herein.

30. Enstad had a disability within the meaning of the ADA, 28 U.S.C. 12102(2), because she had an impairment that substantially limited her in several major life activities.

31. ESG's no restriction/100 percent healed policy is unlawful under the ADA as applied to Enstad.

32. ESG discriminated against Enstad by terminating her employment because of her actual disability, in violation of the ADA, 28 U.S.C. §12112.

**COUNT 2:  DISCRIMINATION BASED UPON PERCEIVED DISABILITY**

33.     The EEOC incorporates Paragraphs 1-32 herein.

34.      ESG terminated Enstad's employment because she had an impairment.

35.     ESG regarded Enstad as having a disability within the meaning of 42 U.S.C. 12102(3)(a).

36.     ESG terminated Enstad based on perceived disability in violation of the ADA, 28 U.S.C. § 12112.

**COUNT THREE:  RETALIATION**

37.     The EEOC incorporates Paragraphs 1-36 herein.

38.     ESG fired Enstad after she informed ESG that she needed to use crutches when she returned to work.

39.     Enstad engaged in protective activity to the extent that she was requesting a modification to the workplace or policies of ESG.

40.     ESG fired Enstad based on this request.

41.     ESG retaliated against Enstad for engaging in protective activity under the ADA, in violation of 42 U.S.C. §12203(a) of the ADA.

**ADDITIONAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

42.     The EEOC incorporates Paragraphs 1-41 above.

43.     The effect of the practices described above has been to deprive Shannon Enstad of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

44.     The unlawful employment practices described herein were intentional.

45.     The unlawful employment practices described herein were done with

malice or with reckless indifference to Enstad's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining ESG, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against qualified individuals with disabilities who need to use crutches or other mobility or assistive devices.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order ESG to make Shannon Enstad whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this Complaint, including lost back pay and benefits, in amounts to be determined at trial.

D.  Order ESG to make Shannon Enstad whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in this Complaint, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.  Order ESG to reinstate Shannon Enstad at a wage and with benefits to which she would have been entitled had ESG not discriminated against her;

F.  Order ESG to pay Shannon Enstad punitive damages for its malicious and reckless conduct, as described herein, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues and questions of fact raised in its Complaint.

    Respectfully submitted,

    Sharon Fast Gustafson
    General Counsel

    James L. Lee
    Deputy General Counsel

    Gwendolyn Young Reams
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

    s/ Gregory Gochanour
    Gregory Gochanour
    Regional Attorney
    EEOC Chicago District Office
    230 South Dearborn Street, Suite 2920
    Chicago, IL 60661
    (312) 872-9685 (Office)
    (312) 869-8124 (Facsimile)
    gregory.gochanour@eeoc.gov

          s/ Jean P. Kamp_____
Jean P. Kamp
Associate Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
(312) 872-9691 (Office)
(312) 869-8124 (Facsimile)
jean.kamp@eeoc.gov


s/ Laurie A. Vasichek_____
Laurie A. Vasichek (171438)
EEOC Minneapolis Area Office
330 2nd Ave. S., Suite 720
(612) 552-7315 (Office)
(612) 335-4044 (Facsimile)
Laurie.vasichek@eeoc.gov

9